**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

YULIS YOHANO AVENDANO
BARAHONA,

      Petitioner - Appellant,

v.

WARDEN, Otero County Processing
Center, et al.,

      Respondents - Appellees.

No. 26-2110
(D.C. No. 2:26-CV-01285-KG-JMR)
(D. N.M.)

_____

**ORDER**

_____

This matter is before the court *sua sponte* following the opening of this appeal.

Based on a review of her notice of appeal (ECF No. 9), it appears that appellant Yulis

Yohano Avendano Barahona seeks to appeal the district court's order denying her 28

U.S.C. § 2241 application. That order was entered on June 4, 2026. (ECF No. 7.)

However, within 28 days of the district court's order denying her 28 U.S.C. § 2241

application, appellant also filed a *Motion to Alter or Amend Judgment Pursuant to Fed.

R. Civ. P. 59(e) and Motion for Stay*. (ECF No. 8.) Although no judgment appears on the

district court docket, the *Motion* seeks to alter or amend the district court's order denying

the § 2241 application. *See generally Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010)

("[w]here a motion requests a substantive change in the district court's judgment or

otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label."). The district court has not yet ruled on appellant's *Motion*.

It appears that abatement of this appeal is required by Fed. R. App. P. 4(a)(4), and so the court abates this appeal pending the district court ruling on appellant's *Motion*. The notice of appeal will become effective once the district court enters an order deciding the *Motion*. *See* Fed. R. App. P. 4(a)(4)(B).

At such time as the district court enters an order deciding the *Motion*, the Clerk of the United States District Court for the District of New Mexico is directed to supplement the preliminary record. *See* 10th Cir. R. 3.2(B).

All of the deadlines set forth in the court's case-opening correspondence dated June 24, 2026 remain in place and the court expects the parties to comply with those deadlines.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk